UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL STOCKERT,<br><br>        Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>        Defendant. | No. 2:16-cv-01185-CKD<br><br><br>ORDER |

Plaintiff Daniel Stockert seeks judicial review of a final decision by the Commissioner of Social Security ("Commissioner") denying his applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI, respectively, of the Social Security Act ("Act").[1] For the reasons discussed below, the court GRANTS IN PART plaintiff's motion for summary judgment; DENIES the Commissioner's cross-motion for summary judgment; and REMANDS the matter for further proceedings consistent with this order.

I.     BACKGROUND

Plaintiff was born on January 18, 1957, graduated high school but attended special education classes.[2] (Administrative Transcript ("AT") 41, 165, 310.) Plaintiff applied for SSI on

---

[1] This action was referred to the undersigned pursuant to Local Rule 302(c)(15).
[2] Because the parties are familiar with the factual background of this case, including plaintiff's

1

May 24, 2012, and DIB on June 5, 2012, alleging that his disability began on April 15, 2010. (AT 163–178.) Plaintiff claimed that he was disabled due to illiteracy, a learning disability, anxiety, and depression. (AT 196.) After plaintiff's application was denied initially and on reconsideration, an administrative law judge ("ALJ") conducted a hearing on March 17, 2014. (AT 37–52.) The ALJ subsequently issued a decision dated August 12, 2014, determining that plaintiff had not been under a disability as defined in the Act, from April 15, 2010, through the date of the ALJ's decision. (AT 16–25.) The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review on March 29, 2017. (AT 1–7.) Plaintiff subsequently filed this action on May 31, 2016, to obtain judicial review of the Commissioner's final decision. (ECF No. 1.)

II. ISSUES PRESENTED

On appeal, plaintiff raises the following issues: (1) whether the ALJ failed to properly evaluate plaintiff's mental impairment at step three; (2) whether the ALJ improperly rejected the opinion of Dr. Torrez; (3) whether the ALJ improperly failed to pose hypothetical questions to the Vocational Expert ("VE"); (4) whether these failures were harmful; and (5) whether this case should be remanded for payment of benefits or further proceedings. (ECF No. 18 at 6.)

III. LEGAL STANDARD

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards pursuant to 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it. Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is more than a mere scintilla, but less than a preponderance. Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003) (citation omitted). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007), quoting Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving

---

medical and mental health history, the court does not exhaustively relate those facts in this order. The facts related to plaintiff's impairments and treatment will be addressed insofar as they are relevant to the issues presented by the parties' respective motions.

2

ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001) (citation omitted). "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008).

IV. DISCUSSION

    A. Summary of the ALJ's Findings

The ALJ evaluated plaintiff's entitlement to DIB and SSI pursuant to the Commissioner's standard five-step analytical framework.[3] Preliminarily, the ALJ determined that plaintiff meets the insured status requirements of the Act through December 31, 2015. (AT 18.) At step one, the ALJ concluded that plaintiff has not engaged in substantial gainful activity since April 15, 2010, the alleged onset date. (Id.) At step two, the ALJ found that the plaintiff "has the following

---

[3] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program. 42 U.S.C. §§ 401 et seq. Supplemental Security Income is paid to disabled persons with low income. 42 U.S.C. §§ 1382 et seq. Both provisions define disability, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment. . . ." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A parallel five-step sequential evaluation governs eligibility for benefits under both programs. See 20 C.F.R. §§ 404.1520, 404.1571-76, 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
> Step four: Is the claimant capable of performing her past relevant work? If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.

severe impairments: degenerative disc disease of the lumbar spine, obesity, depression and a learning disability." (Id.) However, at step three the ALJ concluded that plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1." (AT 19.)

Before proceeding to step four, the ALJ assessed plaintiff's residual functional capacity ("RFC"), finding that plaintiff could perform medium work as defined in 20 C.F.R. § 404.1567(c) and 416.967(c) except that he is limited to simple repetitive tasks. (AT 20.) At step four the ALJ determined that the plaintiff "is capable of performing past relevant work as a bagger and an auto deliverer" because those jobs do "not require the performance of work-related activities precluded by" plaintiff's RFC. (AT 24.) Alternatively, at step five the ALJ found that plaintiff is capable of other work. (Id.) Thus, the ALJ concluded that plaintiff had not been under a disability, as defined in the Act, from April 15, 2010, through August 12, 2014. (AT 25.)

B.     Plaintiff's Substantive Challenges to the Commissioner's Determinations

At step three, the ALJ did not consider whether plaintiff met listing 12.05C.[4] Plaintiff argues that this was reversible error because "[s]ubstantial evidence in the record demonstrated" that plaintiff meets listing 12.05C. (ECF No. 18 at 6.) The Commissioner argues that the ALJ is "not required to spell out why a claimant fails to satisfy every section of the Listings." (ECF No. 20 at 7.) Further, the Commissioner argues that there was no error here by the ALJ because plaintiff has failed to demonstrate that he meets listing 12.05C. (Id.)

The Social Security Regulation's "Listing of Impairments" is comprised of impairments to certain categories of body systems that are severe enough to preclude a person from performing gainful activity. Young v. Sullivan, 911 F.2d 180, 183–84 (9th Cir. 1990); 20 C.F.R. § 404.1520(d). Conditions described in the listings are considered so severe that they are irrebuttably presumed disabling. 20 C.F.R. § 404.1520(d). In meeting or equaling a listing, all

---

[4] This case is governed by former listing 12.05C, which was in effect at the time of the ALJ's decision in August of 2014. The Social Security Administration has since amended its regulations effective August 22, 2017 and there is no longer a listing 12.05C. However, the standards within listing 12.05C have been restated, with slight variations, in listings 12.05A and 12.05B. See "Intellectual disorder," 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.05.

4

the requirements of that listing must be met. Key v. Heckler, 754 F.2d 1545, 1550 (9th Cir. 1985). It is the disability claimant's burden of proving that his or her impairments meet or equal the required elements of a listing. Tackett v. Apfel, 180 F. 3d 1094, 1099 (9th Cir. 1999).

To meet a listed impairment, a claimant must establish that he meets each characteristic of a listed impairment relevant to his claim. To equal a listed impairment, a claimant must establish symptoms, signs and laboratory findings "at least equal in severity and duration" to the characteristics of a relevant listed impairment, or, if a claimant's impairment is not listed, then to the listed impairment "most like" the claimant's impairment. 20 C.F.R. § 404.1526. A finding of equivalence must be based on medical evidence only. 20 C.F.R. § 404.1529(d)(3).

The listings under 12.05 describe intellectual disabilities consisting of a "significant subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period," i.e. the onset of the impairment occurred before the individual was age 22. 20 C.F.R. Pt. 404, Subpt. P, App. 1, 12.05. The Ninth Circuit has explained that

> Listing 12.05C has three main components: (1) subaverage intellectual functioning with deficits in adaptive functioning initially manifested before age 22; (2) an IQ score of 60 to 70; and (3) a physical or mental impairment causing an additional and significant work-related limitation.

Kennedy v. Colvin, 738 F.3d 1172, 1176 (9th Circ. 2013). Plaintiff has the burden of proving he has an impairment that satisfies these criteria. Burch v. Barnhart, 400 F.3d 676, 683 (9th Cir. 2004).

Notwithstanding the Commissioner's argument that the ALJ need not "spell out why a claimant fails to satisfy every section of the Listings" (ECF No. 20 at 7) it is troubling that the ALJ completely failed to assess plaintiff's impairment under 12.05C. This oversight is particularly troubling where, as here, the ALJ identified a learning disorder as a severe impairment (AT 18) and summarized the evaluation of Michelina Regazzi, Ph.D., who recorded plaintiff's IQ at 70. (AT 21); see Forsythe v. Astrue, 2012 WL 217751, at *5 (E.D. Cal. Jan. 24, 2012).

/////

5

1. *IQ score of 60 to 70*

The parties do not contest the fact that plaintiff's IQ scores fall within the range defined under 12.05C. On February 8, 2012, Dr. Regazzi examined plaintiff and performed the Wechsler Adult Intelligence Scale-IV. (AT 299–302.) Dr. Regazzi determined that plaintiff's full scale IQ score was 70. (AT 301.) Therefore, substantial evidence in the record demonstrates that plaintiff had the requisite IQ score to meet listing 12.05C. 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.05.

2. *Physical or mental impairment causing an additional and significant work-related limitation*

12.05C requires an examination of plaintiff's impairments and their impact on his ability to work. As previously pointed out, the ALJ failed to address listing 12.05C altogether. Nevertheless, at step two, the ALJ found plaintiff's severe impairments to include degenerative disc disease of the lumbar spine, obesity, depression and a learning disability. (AT 18.) The Social Security Administration's definition of a severe impairment at step two indicates: "You must have a severe impairment. If you do not have any impairment or combination of impairments which significantly limits your physical or mental ability to do basic work activities, we will find that you do not have a severe impairment and are, therefore, not disabled." 20 C.F.R. § 416.920(c). "Thus, a finding of severe impairment at step two is a per se finding of 'impairment imposing additional and significant work-related limitation of function' as employed in . . . Listing 12.05C." Forsythe, 2012 WL 217751, at *8; see Fanning v. Bowen, 827 F.2d 631, 633 (9th Cir. 1987); Huber v. Astrue, 2010 WL 4684021, at *2 (D. Ariz., Nov. 12, 2010); Rowens v. Astrue, 2010 WL 3036478, at *3 (E.D. Cal., Aug. 2, 2010); see also Hinkle v. Apfel, 132 F.3d 1349, 1352 (10th Cir. 1997); Edwards v. Heckler, 736 F.2d 625, 629–31 (11th Cir. 1984); Nieves v. Secretary of Health & Human Servs., 775 F.2d 12, 14 & n. 7 (1st Cir. 1985); Aminzadeh v. Comm'r of Soc. Sec., 2011 WL 3322798, at *8 (E.D. Cal. Aug. 2, 2011); Campbell v. Astrue, 2011 WL 444783, at *18 (E.D. Cal. Feb. 8, 2011).

Here, because the ALJ determined that plaintiff had additional severe impairments apart from his decreased intellectual functioning, substantial evidence in the record demonstrates that plaintiff had impairments causing an additional and significant work-related limitation, sufficient

to meet listing 12.05C. 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.05.

### 3. *Subaverage intellectual functioning with deficits in adaptive functioning initially manifested before age 22*

Citing multiple authorities, plaintiff argues that his IQ test of 70 creates a rebuttable presumption that his impairment existed before the age of 22, and that in the alternative his attendance in special education classes, history of low skilled work, and functional illiteracy are sufficient to establish subaverage functioning before the age of 22. (See ECF No. 18 at 8–10.) Citing no cases to support her assertion, the Commissioner argues that plaintiff cannot rely on his IQ score as evidence of "subaverage intellectual functioning." (ECF No. 20 at 8–9.)

Many circuits, however, have indicated that an IQ score obtained after the age of 22 may be evidence sufficient to apply a rebuttable presumption that plaintiff's subaverage intellectual functioning with deficits in adaptive functioning initially manifested before age 22. See Talavera v. Astrue, 697 F.3d 145, 152 (2d Cir. 2012) ("absent evidence of sudden trauma that can cause retardation, the [SSI claimant's adult] IQ tests create a rebuttable presumption of a fairly constant IQ throughout her life."); Hodges v. Barnhart, 276 F.3d 1265, 1268–69 (11th Cir. 2001) (IQ tests after age 22 satisfy the listing criteria and "create a rebuttable presumption of a fairly constant IQ throughout life"); Muncy v. Apfel, 247 F.3d 728, 734 (8th Cir. 2001); Luckey v. U.S. Dept. Of Health and Human Services, 890 F.2d 666, 668 (4th Cir. 1989); Guzman v. Bowen, 801 F.2d 723, 275 (7th Cir. 1986).

While the Ninth Circuit has not adopted this rebuttable presumption, several courts within the Eastern District of California have applied it. See Esparza v. Colvin, 2016 WL 3906934, at *9 (E.D. Cal. July 18, 2016); Wooten v. Colvin, 2013 WL 5372855, at *3 (E.D. Cal. Sept. 25, 2013); Campbell, 2011 WL 444783, at *17; Rhein v. Astrue, 2010 WL 4877796 at *8 (E.D. Cal. Nov.23, 2010). Additionally, several other district courts within the Ninth Circuit have cited to the rebuttable presumption favorably. Jackson v. Astrue, 2008 WL 5210668, at *6 (C.D. Cal., Dec.11, 2008) ("several circuits have held that valid IQ tests create a rebuttable presumption of a fairly constant IQ throughout a claimant's life. . . . The Court finds the reasoning of the Seventh, Eighth, and Eleventh Circuits to be persuasive"); Schuler v. Astrue, 2010 WL 1443882, at *6

(C.D. Cal., April 7, 2010) (citing <u>Hodges</u>, <u>Muncy</u> and <u>Luckey</u> for the proposition "that a valid qualifying IQ score obtained by the claimant after age 22 creates a rebuttable presumption that the claimant's mental retardation began prior to the age of 22, as it is presumed that IQ scores remain relatively constant during a person's lifetime"); <u>Walberg v. Astrue</u>, 2009 WL 1763295, at * 8 (E.D. Wash., June 18, 2009) (citing <u>Hodges</u> favorably but examining whether evidence in the record is supportive of early onset impairment).

The court finds persuasive the reasoning of the First, Fourth, Seventh, Eighth, and Eleventh Circuits, as well as the reasoning of fellow courts within the Ninth Circuit. Therefore, the court finds that evidence of a valid IQ test between 60 and 70 creates a rebuttable presumption that plaintiff's impairment existed before the age of 22.[5] Here, as explained, it is undisputed that the record demonstrates that plaintiff had a valid IQ test of 70. Thus, plaintiff is entitled to a rebuttable presumption that his subaverage intellectual functioning with deficits in adaptive functioning began before the age of 22. 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.05.

It is unclear whether the ALJ could have rebutted this presumption based upon the current record. Plaintiff testified at the hearing that he was able to perform his previous work (AT 50), and Dr. Regazzi concluded that plaintiff was capable of pursuing work in his field as a janitor. (AT 302.) However, in his appeal to the Appeals Council, plaintiff indicated:

> I am disabled due to my learning disability and my mental health problems, I cannot read or write, I was not given enough time at the hearing to present my case. Because of my learning disability, I did not understand most of the questions at the hearing and the judge did not allow me to explain my reasons.

(AT 10.) Regardless, the ALJ did not consider listing 12.05C, and therefore failed to make any findings sufficient to rebut the presumption.

/////

---

[5] The Commissioner also argues that Dr. Regazzi's diagnosis of plaintiff as having "borderline intellectual functioning," by definition, means that plaintiff does not have "subaverage intellectual functioning," and that his IQ score is thus insufficient to establish the rebuttable presumption. (ECF No. 20 at 9–10.) However, this argument is not supported by any case law, and runs counter the line of cases that adopt this rebuttable presumption—where nothing beyond a valid qualifying IQ score was necessary to establish the presumption. Therefore, the court rejects the Commissioner's argument.

Moreover, even assuming that this court did not apply the rebuttable presumption, the record suggests that plaintiff may nonetheless meet listing 12.05C. Deficits in adaptive functioning may be shown circumstantially through evidence of attendance in special education classes, dropping out of high school prior to graduation, difficulties in reading, writing or math, and low skilled work history. See Campbell, 2011 WL 444783 at *17; Reyna v. Astrue, 2011 WL 2441906, at *5 (E.D. Cal. June 8, 2011); see also Sorter v. Astrue, 389 Fed. Appx. 620, 622 (9th Cir. 2010) (plaintiff "was in special education classes throughout his school years, showing that his low intellectual functioning manifested prior to age 22"). Here the record demonstrates that plaintiff attended special education classes throughout high school, had a low skilled work history, and was found to be functionally illiterate by Dr. Regazzi. (AT 300, 302, 310.) This circumstantial evidence demonstrates that plaintiff's subaverage intellectual functioning began at least in high school, before he was 22. Yet, the ALJ failed to consider how this circumstantial evidence impacts whether plaintiff meets listing 12.05C.

Therefore, at a minimum, substantial evidence in the record suggests that plaintiff likely satisfies listing 12.05C and the ALJ erred by failing to give this issue adequate consideration.

V. CONCLUSION

With error established, the court has the discretion to remand or reverse and award benefits. McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989). A case may be remanded under the "credit-as-true" rule for an award of benefits where:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

Garrison v. Colvin, 759 F.3d 995, 1020 (9th Cir. 2014). Even where all the conditions for the "credit-as-true" rule are met, the court retains "flexibility to remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." Id. at 1021; see also Dominguez v. Colvin, 808 F.3d 403, 407 (9th Cir. 2015) ("Unless the district court concludes that further administrative

9

proceedings would serve no useful purpose, it may not remand with a direction to provide benefits."); Treichler v. Commissioner of Social Sec. Admin., 775 F.3d 1090, 1105 (9th Cir. 2014) ("Where ... an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency.").

Here, plaintiff argues that the proper remedy is to remand for payment of benefits. (ECF No. 18 at 17.) While the record establishes, at a minimum, that plaintiff likely meets listing 12.05C, serious doubt remains as to whether plaintiff is disabled within the meaning of the Act. The ALJ's complete failure to analyze listing 12.05C leaves the issue uncertain and ambiguous. Thus, the matter must be remanded for the ALJ to make the appropriate findings. Treichler, 775 F.3d at 1105; see Mathews v. Colvin, 170 F. Supp. 3d 1277, 1281 (E.D. Cal. 2016); Showers v. Berryhill, 2017 WL 3720339, at *3 (E.D. Cal. Aug. 29, 2017); Wooten v. Colvin, 2013 WL 5372855, at *4 (E.D. Cal. Sept. 25, 2013).

Because remand is warranted based upon the ALJ's error at step three, this court does not consider plaintiff's remaining arguments. See Byington v. Chater, 76 F.3d 246, 250–51 (9th Cir. 1996) ("Because we find that the district court committed error and the decision of the ALJ is supported by substantial evidence, we do not consider the [ ] other arguments on appeal").

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 18) is GRANTED IN PART;

2. Defendant's cross-motion for summary judgment (ECF No. 20) is DENIED;

3. The Commissioner's decision is REVERSED;

4. The matter is REMANDED for further proceedings consistent with this order; and

5. The Clerk of Court shall enter judgment for plaintiff and close this case.

Dated: September 13, 2017

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

14/ss.16-1185.Stockert.order re MSJ